**Electronically Filed
Intermediate Court of Appeals
30096
30-JUN-2011
07:51 AM**

NO. 30096

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DAVID L. WOODARD, Plaintiff-Appellant, v.
EDWARD TABANARA and CITY AND COUNTY
OF HONOLULU, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0132)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

In a civil lawsuit alleging excessive use of force by Defendant-Appellee Honolulu Police Department Officer Edward Tabanera ("Tabanera")[1] in the conduct of an otherwise lawful arrest of Plaintiff-Appellant David L. Woodard ("Woodard") in Honolulu's Chinatown district on the evening of March 26, 2006,[2] Woodard appeals from the Final Judgment filed on September 2, 2009 in the Circuit Court of the First Circuit[3] ("Circuit Court"). The Final Judgment entered judgment in favor of Tabanera and the City (collectively, the "Defendants") pursuant to the August 25, 2009 Order (1) Granting Defendants Edward Tabanera and City and County of Honolulu's Motion for Summary Judgment; & (2) Denying Plaintiff's Alternative Motion to

---

[1]     Although the case caption consistently reflects Defendant-Appellee Edward "Tabanara", it appears, in the Defendants' pleadings, that the correct spelling is "Tabanera". We proceed under the assumption that the caption was initiated in error and was never corrected.

[2]     Woodard's complaint, filed January 22, 2008, stated two counts: (1) violation of civil rights against Tabanera under both the U.S. and Hawaiʻi constitutions; and (2) negligence against both Tabanera (relating to the alleged use of excessive force) and the City and County of Honolulu ("City") (relating to its alleged failure to properly train and supervise Tabanera).

[3]     The Honorable Sabrina S. McKenna presided.

Continue Hearing on Motion for Summary Judgment.

On appeal, Woodard raises two points of error, contending that the Circuit Court erred in granting summary judgment in favor of the Defendants, and in denying his alternative motion to continue hearing. In his argument, Woodard expands upon the first point of error, arguing that the Circuit Court erred in holding that: (1) his rights under the United States Constitution were not violated on the basis of the facts alleged, but, even if they were violated, those rights were not clearly established; (2) he had not presented sufficient evidence to show that it would be clear to a a reasonable officer in Tabanera's situation that his use of a "leg sweep" on Woodard under the circumstances would violate Woodard's rights under the Hawaiʻi Constitution; (3) he had not proved by clear and convincing evidence that Tabanera was motivated by malice or any other improper purpose against Woodard; and (4) he had provided insufficient evidence to prove breach of any duty.[4]

We review *de novo* the question of whether the Circuit Court was correct in granting summary judgment. *Nuuanu Valley Ass'n v. City & Cnty. of Honolulu*, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Woodard's appeal is without merit, and address his issues as follows:

(1) Woodard contests the Circuit Court's conclusions that (i) there was no objectively unreasonable use of force, and (ii) the constitutional right that he alleged was not clearly established. We do not address Woodard's first contention because the qualified immunity test set out in *Saucier v. Katz*, 533 U.S. 194 (2001) has been modified to permit resolution of government official's qualified immunity claims by looking first

---

[4] Woodard does not argue any further the second point of error, and, thus, we deem it waived. Haw. R. App. P. 28(b)(7) ("Points not argued may be deemed waived.")

at the second prong of the *Saucier* analysis. *Pearson v. Callahan*, 555 U.S. 223, ___, 129 S.Ct. 808, 813 (2009).

The Circuit Court did not err in concluding that it would not be clear to a reasonable officer in Tabanera's position that his performance of a leg sweep on Woodard was unlawful under the circumstances. Whether a right is clearly established must be "undertaken in light of the specific context of the case, not as a broad general proposition[.]" *Saucier*, 533 U.S. at 201.

Woodard offered no authority in support of the proposition that the alleged right had been clearly established. To the contrary, courts have ruled that a police officer does not use excessive force in employing a leg sweep unless the suspect poses no threat to the police officer. *E.g., Slama v. City of Madera*, No. 1:08-cv-810 AWI GSA, 2010 WL 2044662 (E.D. Cal. May 20, 2010) (no excessive use of force when police officer performed leg sweep when suspect placed hands behind his back, appeared nervous and refused to open his fist upon request); *Reed v. Harrison Cnty., Miss.*, Civil Action No. 1:07-cv704-RHW, 2009 WL 235354 (S.D. Miss. Jan. 30, 2009) (correction officer's leg sweep was not performed maliciously or to cause plaintiff harm, but to make plaintiff comply with orders intended to restore discipline and order).

Woodard's initial retreat from Tabanera, which caused Tabanera to have to focus attention on Woodard and to disengage from the two other suspects that he was attempting to corral, and his subsequent action in throwing away what Tabanera correctly believed to be contraband are sufficient to remove this case from those where a constitutional right to be free from force has been established. We concur with the Circuit Court that it would not be clear to a reasonable officer in Tabanera's position that his performance of a leg sweep on Woodard was unlawful under the circumstances. As such, Tabanera was entitled to qualified immunity from suit for any violation of Woodard's rights under the U.S. Constitution.

(2) As above, Woodard identifies no "clearly established constitutional right" under the state constitution. Furthermore, his argument that qualified immunity is not

available under *Medeiros v. Kondo*, 55 Haw. 499, 522 P.2d 1269 (1974) is misplaced. *Medeiros* holds only that there is no *absolute immunity* for a non-judicial government officer from a suit *in tort*. *Id.* at 500-01, 522 P.2d at 1270. As a result, we find no error in the Circuit Court's conclusion that there was no objectively unreasonable use of force and that the right had not been clearly established.

(3) To prevail on a tort claim against a non-judicial government official, the injured party must demonstrate by clear and convincing proof that the official was stirred by malice and not by an otherwise proper purpose. *Towse v. State*, 64 Haw. 624, 631-32, 647 P.2d 696, 702 (1982); *Black v. City & Cnty. of Honolulu*, 112 F. Supp. 2d 1041, 1048-49 (D. Haw. 2000) (citing *Medeiros*, 55 Haw. at 505, 522 P.2d at 1272) (police official, as a nonjudicial officer, enjoys qualified immunity from state law claims).

> The existence or absence of malice is generally a question for the jury. However, when this issue has been removed from the case by uncontroverted affidavits and depositions, and the moving party is entitled to judgment as a matter of law, summary judgment will be granted. [When] [t]he plaintiff has had his [or her] "inquiry into malice," and the pleadings, interrogatories, and uncontroverted affidavits, depositions and exhibits, taken together, show the absence of a genuine issue as to this material fact[, summary judgment will be granted.] [B]are allegations . . . which assert that the defendants were motivated by malice are not sufficient, in and of themselves, to raise a material issue of fact regarding an essential element of the plaintiff's cause of action.

*Runnels v. Okamoto*, 56 Haw. 1, 5-6, 525 P.2d 1125, 1129 (1974) (citations omitted) (summary judgment was proper because record lacked evidence of malice by non-judicial government official).

Tabanera explained in his declaration that he utilized the leg sweep after Woodard threw the object because he became concerned that Woodard would attempt to flee or become physical with him. Tabanera further stated that he did not have any malicious or hateful feelings for Woodard, or harbor any bad intentions toward him at the time of the incident, and Woodard offered no contrary evidence. As bare allegations of malice by the plaintiff are not sufficient to establish a genuine issue of material fact (*Runnels, 56 Haw.* at 6, 525 P.2d at 1129), the Circuit Court's grant of summary judgment in favor of Officer

4

Tabanera on Woodard's negligence claim was proper.

(4) In light of our rulings above, it is not necessary for us to address this argument, which invokes derivative liability.

Therefore,

IT IS HEREBY ORDERED that the Final Judgment filed on September 2, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, June 30, 2011.


On the briefs:

Walter R. Schoettle
for Plaintiff-Appellant.

Kyle K. Chang,
Deputy Corporation Counsel,
City & County of Honolulu,
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

5